IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| WESTERN INDUSTRIES-NORTH, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:12cv177 (JCC/TRJ) |
| BLAINE LESSARD, *et al.*, | ) ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Western Industries-North, LLC's ("Western" or "Plaintiff") Motion for Reconsideration or Rehearing and Modification of Preliminary Injunction Order [Dkts. 42, 43] (the "Motion"). For the following reasons, the Court will deny Plaintiff's Motion.

**I.   Background**

The basic facts of this case are recounted in the Court's Memorandum Opinion dated March 13, 2012, and will not be recited in detail here. (*See* Mem. Op. [Dkt. 24].) Plaintiff Western, a pest control company, and its former employee, Defendant Blaine Lessard, dispute the ownership of a bedbug scent dog named "Dixie." On February 23, 2012, Plaintiff filed suit alleging, among other things, conversion and breach of contract. [Dkt. 1.] Plaintiff seeks injunctive relief

including the return of Dixie as well as partial enforcement of a non-compete provision in Lessard's employment agreement.  When the ownership dispute arose, Dixie was in Lessard's possession.

On March 9, 2012, the Court granted Plaintiff's Emergency Motion for a Temporary Restraining Order [Dkt. 3] and denied *pro se* Defendants' Motion to Dismiss [Dkts. 10, 17].  (*See* March 9, 2012 Order [Dkt. 23].)  Lessard was directed to return Dixie to Western and enjoined from competing against Western within certain parameters.  (*See id.*)  Defendants thereupon retained counsel and on March 14, 2012, filed an opposition to Plaintiff's Emergency Motion for a Preliminary Injunction as well as a declaration and exhibits.  [Dkt. 29.] Two days later, the Court held an evidentiary hearing.  On March 21, 2012, the Court granted in part and denied in part Plaintiff's Emergency Motion for a Preliminary Injunction.  (*See* March 21, 2012 Order [Dkt. 36].)  The Court concluded that, based on the evidentiary record before it, Western failed to satisfy the heightened showing required for a mandatory preliminary injunction (*i.e.*, possession of Dixie) and ordered that Dixie be returned to Lessard.  Western did meet the less stringent showing required for the prohibitive injunctive relief sought (*i.e.*, partial enforcement of the non-compete provision). Accordingly, the Court enjoined Lessard from competing against Western, slightly altering the parameters set forth in the March

2

9, 2012 Order and allowing Lessard to compete against Western in New York City.

On April 17, 2012, Plaintiff filed a Motion for Reconsideration or Rehearing and Modification of Preliminary Injunction Order pursuant to Federal Rule of Civil Procedure 59(e).  [Dkts. 42, 43.]  Attached to the Motion is the Declaration of William Whitstine (the "Whitstine Declaration"), the owner of the canine academy that trained Dixie and Lessard. Defendants filed an opposition to Plaintiff's Motion on April 24, 2012.  [Dkt. 45.]

Plaintiff's Motion is before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment and states only that such a motion "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  The Fourth Circuit has made it clear, however, that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). A party's mere

3

disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rather, the purpose of Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

### III.  Analysis

Western raises three arguments in favor of altering or amending the judgment: (1) that the Court erred in holding Western's request for possession of Dixie to a heightened standard of review; (2) that even under a heightened standard of review, Western made a clear and convincing showing that it is likely to succeed on the merits; and (3) that the Whitstine Declaration establishes that Lessard's current possession of Dixie is manifestly unjust. The Court addresses each of these in turn.

A.  <u>Standard of Review for Western's Request for Possession of Dixie</u>

4

Western first argues that the Court incorrectly determined that its request for possession of Dixie was mandatory in nature and hence subject to a heightened standard of review.  Western agrees that a prohibitive injunction alters the status quo while a mandatory injunction alters it.  *See Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)  According to Western, however, it was Lessard who altered the status quo by refusing to return Dixie upon termination of his employment, thereby precluding Western from using the dog to perform bedbug detection services as it previously had.

Western's argument is without merit.  The status quo to be preserved by a preliminary injunction is the "last uncontested status between the parties which preceded the controversy."  *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 378 (4th Cir. 2012).  The controversy here is over ownership of Dixie, which arose when Lessard was terminated.  At that time, Dixie was in Lessard's possession, as she had been during the three years Lessard worked for Western.  The status quo, then, is Lessard's possession of Dixie.  An order requiring Lessard to return Dixie to Western would have compelled action on Lessard's part and altered the status quo.  *See X Corp. v. Doe*, 805 F. Supp. 1298, 1311–12 (E.D. Va. 1992) (company's request for return of documents defendant took when he left company's employ amounted to a request for mandatory

injunctive relief).  Western's claim that it could recover Dixie without any affirmative action on Lessard's part (*i.e.*, by Western sending someone to pick up the dog), is meritless.  By Western's logic, any order compelling a party to turn over possession of an object could qualify as prohibitive injunctive relief so long as the other party merely offered to retrieve the object.  This, of course, would render the distinction between mandatory and prohibitive injunctive relief meaningless.  For these reasons, the Court concludes that it correctly classified Western's request for the return of Dixie as mandatory injunctive relief and properly applied a heightened standard of review.

> B.   Whether Western Satisfied the Heightened Standard of Review for a Mandatory Preliminary Injunction

Second, Western argues that even under the heightened standard of review applicable to mandatory injunctive relief, it has made a clear and convincing showing that it is likely to succeed on the merits.  In essence, Western disagrees with the Court's evaluation of the evidence presented at the evidentiary hearing.  However, "[m]ere disagreement does not support a Rule 59(e) motion."  *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted); *see also Zhenlu Zhang v. Rolls-Royce Seaworthy Sys., Inc.*, No. 1:11cv942, 2012 WL 32413, at *7 (E.D. Va. Jan. 5, 2012) ("A motion for reconsideration is not authorized when it

is nothing more than a request for the district court to change its mind.") (internal quotation marks omitted).

Western does object to several pieces of evidence mentioned by the Court in its Memorandum Opinion denying Western's request for possession of Dixie as inadmissible hearsay. However, Western failed to raise such objections at the evidentiary hearing. (Hr'g Tr. [Dkt. 39] at 123:8-19.) Rule 59(e) may not be used to raise new arguments that could have been raised previously. *Pac. Ins. Co.*, 148 F.3d at 404. Accordingly, Western's disagreement with the Court's assessment of the evidentiary record does not warrant Rule 59(e) relief.

C.   <u>Declaration of William Whitstine</u>

Lastly, Western argues that the Whitstine Declaration establishes "to a certainty" that Western is Dixie's owner and that Lessard's possession of the dog is manifestly unjust. In order for the Court to consider new evidence on a motion for reconsideration, "the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (emphasis in original) (citations omitted). "Evidence that is available to a party prior to entry of judgment, therefore,

is not a basis for granting a motion for reconsideration as a matter of law." *Id.*

Here, Western makes no showing that such evidence is newly discovered or that Whitstine was unable to provide an earlier declaration or testify at the evidentiary hearing. In fact, special accommodations were made for one of Western's witnesses, William Sullivan, to testify by video conference and could have likewise been made for Whitstine, who lives in Florida. A motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple" and present evidence that was previously available. *See Potter v. Potter*, 1999 F.R.D. 550, 552-53 (D. Md. 2001) (quoting *Shields v. Shetler*, 120 F.R.D. 123, 125-26 (D.Colo. 1988)). As such, the Whitstine Declaration does not provide a basis for granting Western's Rule 59(e) motion.

### IV. Conclusion

For these reasons, the Court will deny Plaintiff's Motion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| June 5, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |